UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                                        Civil Case No. 11-12196
                                        Criminal Case No. 09-20627
                                        HON. GEORGE CARAM STEEH

vs.


D-1, ANDRE WALKER,
_____/

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY

       On May 27, 2010, petitioner Andre Walker pleaded guilty, by way of a Rule 11 plea

agreement, to distribution of cocaine base and heroin, conspiracy to distribute cocaine base

and possession of a firearm in furtherance of a drug trafficking crime in violation of 21

U.S.C. § 841(a)(1);21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1)(a) respectively.   On

September 9, 2010, petitioner was sentenced to 84 months imprisonment.  The judgment

of sentence was entered on September 10, 2010.  Petitioner filed the instant motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on May 19, 2011.

       Petitioner raises the following claims in his § 2255 motion: (1) his plea was not

knowing, voluntary, or intelligently made; (2) he was denied his Sixth Amendment right to

the effective assistance of counsel; (3) the sentence imposed was in excess of the law.  For

the reasons that follow, petitioner's § 2255 motion is denied.

       Petitioner's plea was knowing and voluntary.  A guilty plea is valid only if it represents

the defendant's voluntary, knowing, and intelligent choice among the alternative courses of

-1-

action available to him. See Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005);Brady v. United

States, 397 U.S. 742, 748 (1970).  A plea is voluntary if the defendant who enters it is fully

aware of the direct consequences, and if the defendant is not induced by threats,

misrepresentations, or improper promises.  Brady, 397 U.S. at 755.  Voluntariness must be

determined by considering all of the relevant circumstances surrounding the plea.  Id. at

749.  A plea is knowing and intelligent if the defendant is advised by competent counsel, is

made aware of the nature of the charge against him, and where there is nothing to indicate

that the defendant is incompetent or otherwise not in control of his mental faculties.  Id. at

756.  While the state bears the burden of showing that the petitioner's plea was voluntary,

intelligent and knowing, that burden is generally satisfied when the state produces a

transcript of the state court proceedings showing that the plea was made voluntarily.  See

Stumpf v. Mitchell, 367 F.3d 594, 600 (6th Cir. 2004), vacated in part on other grounds by

Bradshaw v. Stumpf, 545 U.S. 175, 125 (2005).

The transcript of the plea hearing establishes that petitioner's plea was both voluntary

and knowing.  Petitioner was represented by counsel at the plea hearing and he informed

the court that he had gone over the Rule 11 plea agreement with his counsel.  5/27/10 Tr.

at 7.  Petitioner indicated that he was not under the influence of any drugs or alcohol and

that he could read, write and understand the English language.  Id. at 6. Petitioner

acknowledged his understanding of the charge, its possible sentence, the plea agreement's

terms, and the consequences of the plea.  Id. at 6-18.  The trial court advised petitioner of

his trial rights and the fact that he would be waiving those rights by pleading guilty.  Id. at

11-17.  Petitioner denied that any promises induced him, or that anyone pressured or forced

him to enter his plea.  Id. at 10.  Petitioner indicated that he was satisfied with the advice of

his counsel.  Id. at 6.  Petitioner's claim that his plea was not knowing and voluntary is therefore belied by his own sworn testimony.

A defendant has a Sixth Amendment right to "reasonably effective assistance" of counsel.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).   The two-prong Strickland v. Washington test applies to petitioner's ineffective assistance of counsel claim. Id. The first prong of the Strickland test concerns counsel's performance; the petitioner must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687.  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.  A defendant must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. The second prong of the Strickland test, in the guilty plea context, requires petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

First, petitioner asserts that counsel "failed to adequately represent defendant" without specifically identifying the acts or omissions of counsel that fell below an objective standard of reasonableness.  Without more specificity, petitioner's bare assertion that counsel failed to adequately represent him is insufficient to warrant relief.

Next, petitioner claims that he was denied the effective assistance of counsel because counsel failed to give him "fair warning" concerning his potential sentence.  This claim is without merit.  At the plea hearing, petitioner testified that he had an opportunity to carefully go over the Rule 11 plea agreement, and that he understood all of its terms. 5/27/10 Tr. at 7.  He also testified that he understood his conviction carried a five year

mandatory minimum sentence, a maximum sentence of up to twenty years imprisonment, and that his anticipated guideline range was 106 to 117 months. Id. at 6-7. See United States v. Todaro, 982 F. 2d 1025, 1029 (6th Cir. 1993)("[E]ven if the attorney gave [the defendant] incorrect information, the judge's advice on the record, as a matter of law, was sufficient to bar [the defendant] from relying on a claim that he pled guilty on a mistaken assumption about the consequences of going to trial.")

Petitioner also argues that his counsel was ineffective for his failure "to challenge the elements of [sic] that would have caused for a dismissal of at least three of the charges." Again, petitioner's argument lacks the requisite specificity to support his claim. In any event, a review of the transcript from the plea hearing demonstrates that petitioner provided a sufficient factual basis to support a conviction on all of the applicable charges. Thus, counsel's performance was not deficient for failing to raise frivolous arguments challenging the elements of some of the charged counts. 5/27/10 Tr. at 18-25.

Petitioner claims his counsel was ineffective for his failure to advise him that he could enter an "Alford plea," which refers to a defendant who pleads guilty but maintains that he is innocent. United States v. Tunning, 69 F. 3d 107, 110 (6th Cir. 1995). An "Alford plea" is a guilty plea entered by a defendant who either (1) maintains that he is innocent, or (2) without maintaining his innocence, "is unwilling or unable to admit that he committed acts constituting the crime." Id. A defendant who "never stated on the record that he was innocent," is "not such a defendant." Id. Petitioner never claimed that he was innocent. Counsel was not deficient for failing to advise petitioner to enter an Alford plea.

Petitioner also argues that counsel was ineffective for failing to advise the court about his "heartbreak childhood and circumstances that compelled the petitioner to partake upon

the crimes that he was before the court for."  The transcript from the sentencing hearing belies petitioner's assertions.  Counsel extensively discussed petitioner's background and life circumstances and the resulting impact these factors had on him.  9/9/10 Tr. at 4-17.

Petitioner argues that his counsel was ineffective also for his failure to qualify him under the safety valve pursuant to U.S.S.G. § 5C1.2(a).  Because petitioner pleaded guilty to possessing four firearms in furtherance of his drug trafficking crimes, he is precluded from utilizing the safety valve to limit the applicability of the statutory minimum sentence in his case.  See 18 U.S.C. § 3553(f)(2) (safety valve inapplicable when the defendant uses violence, credible threats of violence, or possesses a firearm or other dangerous weapon in connection with the offense).  For the foregoing reasons, petitioner's ineffective assistance of counsel claim is without merit.

Petitioner's last claim is that his sentence was imposed in excess of the maximum allowed by law.  Petitioner's convictions for distribution of cocaine base and heroin and conspiracy to distribute cocaine base in violation of 21 U.S.C. § § 841(a)(1) and 846 carry a statutory maximum sentence of twenty years imprisonment.  Petitioner was sentenced to 84 months imprisonment, or below the statutory maximum imposed by law.  He is not entitled to relief on this claim.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either

issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997).  The court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right.  The court will not issue a certificate of appealability in this case.

Accordingly,

Petitioner's motion to vacate, set aside or correct sentence [#33] is DENIED.

Petitioner's motion  to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Case No. 11-12196] is DISMISSED with prejudice.  A certificate of appealability shall not issue.


Dated:  March 28, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 28, 2012, by electronic and/or ordinary mail and also to Andre Walker at Federal Correctional Institution Elkton, P.O. Box 10, Lisbon, OH 44432.
S/Josephine Chaffee
Deputy Clerk