UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 09-cr-20627

        v.        HON. GEORGE CARAM STEEH

D-1, ANDRE WALKER,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
FOR REDUCTION IN SENTENCE (DOC # 54)

On May 27, 2010, defendant pleaded guilty, by way of a Rule 11 plea agreement, to distribution of cocaine base and heroin, conspiracy to distribute cocaine base and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1); 21 U.S.C. § 846; and 18 U.S.C. § 924(c)(1)(a), respectively.

On September 9, 2010, the court sentenced defendant to 24 months of imprisonment for the controlled substances convictions, plus a mandatory consecutive 60 month sentence for the firearm conviction. The 24 month sentence reflected a downward departure granted by the court, as defendant's guideline range was 46 to 57 months of imprisonment for the controlled substances convictions. On March 28, 2012, this court denied defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, and denied a certificate of appealability.

On April 9, 2012, defendant filed a *pro se* motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2), based on the Fair Sentencing Act of 2010 and its application to cocaine bases offenses. Following the filing of that motion, the court appointed the federal defender office to confer with the probation department and government and determine the defendant's eligibility for a sentence reduction. Appointed counsel Andrew Wise filed his notice indicating he would not be supplementing defendant's *pro se* motion. The government has now filed a response to the motion, arguing that defendant is not entitled to a reduction due to the circumstances of his case.

Defendant bases his request on Amendment 750 to the United States Sentencing Guidelines, which retroactively lowered the base offense levels applicable to cocaine base offenses. Although Amendment 750 has retroactive applicability, in this particular case it does not change the guidelines applicable to defendant's offense. This is because the cocaine base offense in this case involved 32.9 grams of crack. Prior to Amendment 750, 32.9 grams corresponded to a base offense level of 26, which covered cocaine base cases involving between 20-35 grams. See U.S.S.G. § 2.D1.1(c)(7) (2010). Following that amendment, 32.9 grams still corresponds to a base offense level of 26, which now covers cocaine base cases involving 28-112 grams of crack cocaine. See U.S.S.G. § 2.D1.1(c)(7) (2011).

The amendments to the Fair Sentencing Act did not result in any change to this defendant's base offense level. Therefore, defendant's guideline range would have been the same had he been sentenced after the amendments to the Fair Sentencing Act. The court notes that at the time of sentencing, it did grant the defendant's motion for a downward departure, deciding on a sentence of 24 months of imprisonment

for his conviction on counts one (1), and three through seven (3-7).  This was significantly lower than the applicable guideline range of 46-57 months for those offenses.

Accordingly, defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated:  March 7, 2013

>  s/George Caram Steeh
>  GEORGE CARAM STEEH
>  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 7, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---